IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MARY LEE COLTON,<br><br>      Plaintiff,<br><br>      vs.<br><br>BANK OF NEW YORK MELLON<br>as Trustee for the Certificate Holders of<br>CWABS Inc, Asset-Backed Certificates,<br>Series 2007-11,<br><br>      Defendant. | Civil No. 26-00020 MWJS-WRP<br><br>ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## INTRODUCTION

This is a civil action in which pro se Plaintiff Mary Lee Colton seeks to enjoin Defendant Bank of New York Mellon ("BONYM") from asserting ownership or foreclosure rights to property in Kailua-Kona, Hawaiʻi, and to quiet title in her favor. Colton filed her complaint on January 5, 2026, in the U.S. District Court for the Southern District of New York. But because the parties "have engaged in litigation for many years in the state courts in Hawaii," and because Colton "resides in Hawaii," the case was transferred to this court as the more suitable venue. *Colton v. Bank of New York Mellon as Trustee for Certificate Holders of CWABS Inc, Asset-Backed Certificates, Series 2007-11*, 26-CV-0147, 2026 WL 77918, at *1 (S.D.N.Y. Jan. 9, 2026).

Before the court is Colton's application to proceed in forma pauperis ("IFP"), that is, without prepayment of fees or security.  In considering such an application, the court must, among other things, screen the proposed complaint to ensure that it states a claim upon which relief could be granted.  For the reasons stated below, the court GRANTS Colton's IFP application, but DISMISSES Colton's complaint for lack of subject matter jurisdiction.  The court GRANTS Colton leave to amend.

## DISCUSSION

### A.     The IFP Application

It is expensive to litigate a case in federal court, but when a person submits an affidavit demonstrating an inability to prepay fees and costs, a federal court may authorize the person not to do so.  28 U.S.C. § 1915(a)(1).  The applicant need not demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), but must at least "allege poverty with some particularity, definiteness, and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (cleaned up).  An affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life."  *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

In this case, Colton has submitted an affidavit in which she represents that she is the full-time caregiver and sole financial support for her adult son, who has a mental health condition.  Colton herself has medical conditions, and she and her son live on a

2

fixed income consisting of Social Security benefits ($800 per month) and rental income from a property ($1,700 per month). Dkt. No. 2, at PageID.101. She notes that her home has an estimated value of $350,000, but there is no suggestion that the value is liquid. She has two vehicles, each worth $3,000. She has little savings, and her monthly expenses are approximately $1,842. She also represents that she has already spent or will spend approximately $4,500 on this lawsuit.

Based on this information—particularly Colton's role as a caregiver and her reliance on limited fixed income—the court concludes that she has demonstrated an inability to pay court fees and costs while still affording the necessities of life. The court therefore GRANTS her IFP application.

      B.     **Screening of the Complaint**

Although the court has granted Colton's IFP application, it cannot allow the complaint to be served unless and until the complaint survives this court's screening. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See id.* at 1126-27; 28 U.S.C. § 1915(e)(2)(B). To be sure, the court in this posture does not benefit from adversarial briefing and necessarily has limited information about the background and nature of the case. And so even if a complaint survives screening, it is possible that a defendant might successfully thereafter move to dismiss it on the grounds that it fails to state a

claim for relief. The court's task at this stage is not to catch every conceivable motion-to-dismiss argument that a defendant might later raise, but instead simply to dismiss a complaint if it readily identifies errors on its own.

Here, a subject matter jurisdiction problem is evident. Colton's complaint asserts that this court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction), Dkt.No. 1, at PageID.3, but the complaint, in its current form, does not sufficiently offer a basis for either.

Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Yet no such federal question appears on the face of the complaint here. The complaint refers in passing to this being a "securities-related action," Dkt. No. 1, at PageID.1, but apart from the suggestion that one of her claims might be based on a prior settlement of a securities action, Colton does not identify any federal securities laws on which she relies. But a claim of a breach of a settlement agreement—even one that resolved prior federal claims—ordinarily is not itself a claim based on federal law. *Palekaiko Beachboys Club, Inc. v. City and Cnty of Honolulu*, Civ. No. 25-00304, 2026 WL 18748, at *10 (D. Haw. Jan. 2, 2026). And while a breach claim can be federal if the court that took the settlement "either (1) incorporate[d] the terms of the settlement agreement into an order, or (2) expressed retain[ed] jurisdiction to enforce it," *id.*, the complaint does not allege that either occurred here. Finally, although the complaint

4

asserts that BONYM violated Colton's constitutional equal protection and due process rights, these constitutional rights protect only against the actions of a government actor. *See Ward v. Interscholastic League of Honolulu*, Civ. No. 25-00415, 2025 WL 2855146 (D. Haw. Oct. 8, 2025). The complaint does not allege that BONYM is or in any way acted in such a capacity.

The complaint comes closer to alleging diversity jurisdiction, but it does not quite say enough. A federal court has diversity jurisdiction even over state law claims when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007). Colton's complaint does allege compensatory damages of $350,000, which passes the $75,000 threshold. Dkt. No. 1, at PageID12. But it only asserts that Colton "resides" in Hawaiʻi; it does not allege that she is a citizen of Hawaiʻi. *Id*. at PageID.3. And "[c]itizenship, for purposes of diversity jurisdiction, turns on where a person is domiciled, not solely where they reside." *Bato v. Target Corp.*, Civ. No. 21-00307, 2024 WL 6990893, at *1 (D. Haw. May 1, 2024). A person's "domicile" is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (quoting *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Another way to think of it is that "[r]esidence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode." *Weible v.*

*United States*, 244 F.2d 158, 163 (9th Cir. 1957). Colton must, therefore, allege that she is a citizen—that is, that she not only resides in Hawaiʻi, but that she intends to stay here indefinitely as her permanent home. That may be the truth, but because the complaint does not say it, the complaint does not say enough to establish subject matter jurisdiction.

The complaint also does not say enough about BONYM's citizenship. A corporation is a citizen of the State in which it has been incorporated (that is, created) and the State in which it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 89 (2010). The principal place of business is typically where the corporation has its headquarters. *Id.* at 95. The complaint alleges that BONYM is a "New York corporation," Dkt. No. 1, at PageID.3, which is sufficient to allege that it was incorporated in New York. But the complaint, in its current form, does not allege that BONYM's corporate headquarters are in New York. To be sure, the complaint says that BONYM is "located" at an address in New York. But a corporation might be located in any number of places that are not its corporate headquarters. So while New York might, as a matter of fact, be BONYM's headquarters, the complaint must say so to establish diversity jurisdiction.

Given these deficiencies of subject matter jurisdiction, the complaint in its current form does not survive this court's IFP screening. The court therefore DISMISSES the complaint.

6

But it is clearly possible that Colton *could* adequately allege subject matter jurisdiction if given a chance to amend the complaint. She might, for example, identify a federal statute on which one of her claims is based. Or she might allege that the court that took the settlement agreement at issue incorporated it into an order or retained jurisdiction to enforce it. Alternatively, she might provide further allegations concerning her citizenship and the citizenship of BONYM.

Given these possibilities, the court GRANTS Colton leave to amend the complaint. Any amended complaint—which should be titled "First Amended Complaint"—must be filed by March 23, 2026, and must cure the deficiencies identified above; that is, Colton must provide sufficient facts to establish subject matter jurisdiction in one of the possible ways described above. Colton is cautioned that failure to timely file an amended complaint that addresses the deficiencies identified above will result in the automatic dismissal of this action.

## **CONCLUSION**

For the foregoing reasons, the court GRANTS Colton's IFP application, DISMISSES the complaint, and GRANTS Colton leave to amend.

If Colton elects to file an amended complaint, she must comply with the following requirements:

(1) Colton's deadline to file an amended complaint is March 23, 2026;

(2) Colton's amended complaint should be titled "First Amended Complaint";

and

(3) Colton must cure the deficiencies identified above.

Colton is cautioned that failure to timely file an amended complaint that complies with this order will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: February 23, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 26-00020 MWJS-WRP; *Mary Lee Colton v. Bank of New York Mellon as Trustee for the Certificate Holders of CWABS Inc, Asset-Backed Certificates, Series 2007-11*; ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND